IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

**MERRETTA SMITH and WILLIAM SMITH**                                  **PLAINTIFFS**

vs.                                     No. 7:21-cv-104

**TRUE STAR CAPITAL, LLC, MOORE**                                 **DEFENDANTS**
**GREATHOUSES, LLC, TEXARKANA MHC, LLC,**
**BRANT GREATHOUSE and CARL MOORE**

## ORIGINAL COMPLAINT

COME NOW Plaintiffs Merretta Smith and William Smith ("Plaintiffs"), by and through their attorney Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint against True Star Capital, LLC, Moore Greathouses, LLC, Texarkana MHC, LLC, Brant Greathouse and Carl Moore (collectively "Defendant" or "Defendants"), they do hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1.      Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs lawful minimum wage for all hours worked and overtime compensation for hours worked in excess of forty per week.

2.      Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra.*

## II.    JURISDICTION AND VENUE

3.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      The acts alleged in this Complaint had their principal effect within the Midland/Odessa Division Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

5.      Plaintiff Merretta Smith ("Merretta") is an individual and resident of Midland County.

6.      Plaintiff William Smith ("Williams") is an individual and resident of Midland County.

7.      Separate Defendant True Star Capital, LLC ("True Star"), is a domestic limited liability company.

8.      True Star's registered agent for service of process is Brant Greathouse, at 600 North Marienfeld, Suite 305, Midland, Texas 79701.

9.      Separate Defendant Moore Greathouses, LLC ("Moore Greathouses"), is a domestic limited liability company.

10.     Moore Greathouses' registered agent for service of process is Brant Greathouse, at 600 North Marienfeld, Suite 305, Midland, Texas 79701.

11.     Separate Defendant Texarkana MHC, LLC ("Texarkana MHC"), is a domestic limited liability company.

12.     Texarkana MHC's registered agent for service of process is True Star Fund II, at 600 North Marienfeld, Suite 305, Midland, Texas 79701.

13.     Separate Defendant Brant Greathouse ("Brant") is an individual and resident of Texas.

14.     Separate Defendant Carl Moore ("Carl") is an individual and resident of Texas.

## IV.     FACTUAL ALLEGATIONS

15.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

16.     Defendant owns and operates mobile home parks throughout Texas.

17.     Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

18.     Upon information and belief, the revenue generated from True Star, Moore Greathouses and Texarkana MHC was merged and managed in a unified manner.

19.     As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

20.     Brant is a principal, director, officer, and/or owner of True Star, Moore Greathouses and Texarkana MHC.

21.     Brant took an active role in operating True Star, Moore Greathouses and Texarkana MHC and in the management thereof.

22.     Brant, in his role as an operating employer of True Star, Moore Greathouses and Texarkana MHC, had the power to hire and fire Plaintiffs, often supervised Plaintiffs' work and determined their work schedule, and made decisions regarding Plaintiffs' pay, or lack thereof.

23.     Brant, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedule, pay policy and the day-to-day job duties that Plaintiffs' jobs entailed.

24.     Carl is a principal, director, officer, and/or owner of True Star, Moore Greathouses and Texarkana MHC.

25.     Carl took an active role in operating True Star, Moore Greathouses and Texarkana MHC and in the management thereof.

26.     Carl, in his role as an operating employer of True Star, Moore Greathouses and Texarkana MHC, had the power to hire and fire Plaintiffs, often supervised Plaintiffs' work and determined their work schedule, and made decisions regarding Plaintiffs' pay, or lack thereof.

27.     Carl, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedule, pay policy and the day-to-day job duties that Plaintiffs' jobs entailed.

28.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

29.    Upon information and belief, Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

30.    Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

31.    At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA.

32.    Merretta was employed by Defendant from June of 2020 until April of 2021.

33.    Williams was employed by Defendant from June of 2020 until April of 2021.

34.    At all relevant times herein, Defendant directly hired Plaintiffs to work at its facilities, paid them wages and benefits, controlled their work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

35.    Plaintiff worked at Defendant's location in Midland.

36.    Plaintiffs regularly handled or was involved with the instrumentalities of interstate commerce such as cell phones and the internet.

37.    Defendant paid Plaintiffs a salary.

38.    Defendant purported to pay Plaintiffs each a salary of $500.00 per week, but because they were buying a mobile home from Defendant, $75.00 was

automatically deducted each week from both Plaintiffs' pay. Plaintiffs actually each received $425.00 per week.

39.    Defendant employed Merretta as a Property Manager.

40.    Merretta's primary duties were to collect rent, issue permits and leases, and assist tenants.

41.    Defendant employed William as a Maintenance Technician or Maintenance Worker.

42.    William's primary duties were to repair trailers, section off lots, perform plumbing and electrical work, pick up trash and perform landscaping duties.

43.    Plaintiffs did not have the authority to hire, fire or evaluate other employees.

44.    Plaintiffs did not exercise discretion or independent judgment as to matters of significance.

45.    Plaintiffs' duties were rote and routine, and they sought input from Defendant when their duties were not rote and routine.

46.    Plaintiffs did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

47.    Plaintiffs' work followed the usual path of employer-employee relationships; Defendant treated them as independent contractors only for tax purposes and for Defendant's convenience.

48.    Defendant, at all times relevant hereto, knew that Plaintiffs were acting as employees, rather than as independent contractors, and treated them as employees.

49.     Defendant set Plaintiffs' schedules. Plaintiffs were required to arrive at work at specific times and remain until their scheduled shift was over.

50.     Defendant also required Plaintiffs to be available at all times to respond to tenant requests.

51.     Defendant required Plaintiffs to satisfy whatever needs and requirements Defendant and Defendant's customers had.

52.     Defendant expected Plaintiffs to follow Defendant's policies regarding their employment.

53.     Plaintiffs were required to complete the tasks Defendant assigned to them or risk being disciplined, including termination.

54.     Plaintiffs were hired to work for Defendant for a continuous and ongoing period of time.

55.     Plaintiffs did not select any employees for hire, nor did he have any ability to fire employees.

56.     Plaintiffs did not have any control of or authority over any employee's rate of pay or working hours.

57.     Plaintiffs regularly and customarily worked at Defendants' job sites.

58.     Plaintiffs were required to follow Defendant's dress code.

59.     Plaintiffs were required to wear a shirt bearing Defendant's name and logo.

60.     Defendant determined Plaintiffs' pay scale for services without input from or negotiation with Plaintiffs.

61.     Defendant set prices for services without input from or negotiation with Plaintiffs.

62.     Defendant made decisions on advertising Defendant's business without Plaintiffs' input.

63.     Defendant made decisions on what new business to pursue or take without Plaintiffs' input.

64.     Plaintiffs did not negotiate contracts or prices with Defendant's customers.

65.     Defendant directed Plaintiffs in their job duties.

66.     Plaintiffs had no opportunity to share in Defendant's profits.

67.     Plaintiffs did not share in Defendant's losses.

68.     Plaintiffs had no investment in Defendant's business or operations.

69.     Plaintiffs regularly worked over forty hours per week.

70.     Plaintiffs were required to be available at all times to respond to tenant requests.

71.     Merretta estimates she regularly worked between 70 and 84 hours per week.

72.     William estimates he regularly worked between 70 and 80 hours per week.

73.     All or almost all of Plaintiffs' work was performed on-site.

74.     29 C.F.R. § 541.600 states that a salaried employee must be compensated at a rate of not less than $684 per week.

75.     Plaintiffs were paid less than the statutory minimum per week.

76.     Plaintiffs were not paid their final paycheck.

77.     Defendant did not pay Plaintiffs 1.5x their regular rate of pay for hours worked over 40 per week.

78.     Defendant did not pay Plaintiffs a lawful minimum wage for all hours worked.

79.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.     CAUSE OF ACTION—VIOLATIONS OF THE FLSA

80.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

81.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

82.     At all times relevant to this Complaint, Defendant has been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

83.     At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

84.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

85.     At all times relevant times to this Complaint, Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

86.     Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of 1.5x their regular rate of pay for all hours worked over 40 each week.

87.     Defendant failed to pay Plaintiffs a lawful minimum wage for all hours worked.

88.     Defendant's failure to pay Plaintiffs all wages owed was willful.

89.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Merretta Smith and William Smith respectfully pray as follows:

A.     That each Defendant be summoned to appear and answer this Complaint;

B.     That Defendant be required to account to Plaintiffs and the Court for all monies paid to Plaintiffs;

C.     A declaratory judgment that Defendant's practices alleged herein violate the FLSA and its related regulations;

D.     Judgment for damages for all unpaid minimum wage and overtime wage compensation owed under the FLSA and its related regulations;

E.     Judgment for liquidated damages pursuant to the FLSA and its related regulations;

F.     An order directing Defendant to pay Plaintiffs prejudgment interest, reasonable attorney's fees and all costs connected with this action;

G.     For a reasonable attorney's fee, costs, and interest; and

H.     Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFFS MERRETTA SMITH
and WILLIAM SMITH**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com